# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ADVANTAGE MEDICAL
ASSOCIATES, P.A., a New Jersey
professional association, individually
and as the representative of a class of
similarly-situated persons and entities,

               Plaintiff,

    v.

CARDINAL HEALTH, INC.,

               Defendant.

No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Advantage Medical Associates, P.A. ("Plaintiff"), individually and on behalf of a class of similarly situated persons and entities, brings this action against Cardinal Health, Inc. ("Cardinal Health") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from facsimile transmissions sent by or on behalf of Cardinal Health that promoted the commercial availability or quality of property, goods, or services. Plaintiff alleges the following based upon personal knowledge as to itself and its own acts and experiences and, as to all other matters, upon information and belief formed after a reasonable investigation by counsel.

#12253469v1

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), seeking statutory damages, injunctive relief, and all other relief authorized by law, arising from facsimile transmissions sent by or on behalf of Cardinal Health.

2.      The TCPA prohibits using a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine. 47 U.S.C. § 227(b)(1)(C).

3.      The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

4.      Attached as Exhibit A is a true and correct copy of a facsimile transmission received by Plaintiff on December 17, 2025.

5.      Attached as Exhibit B is a true and correct copy of a facsimile transmission received by Plaintiff on January 26, 2026.

6.      Exhibits A and B promote the commercial availability and quality of the Dexcom G7 15-Day continuous glucose monitoring system and related products and services available through Edgepark, Advanced Diabetes Supply, and US MED.

2

#12253469v1

7.     Cardinal Health sent, or caused to be sent, Exhibits A and B to the number of Plaintiff's telephone facsimile machine, (732) 390-1900.

8.     Plaintiff did not provide prior express invitation or permission to receive Exhibit A or Exhibit B by facsimile transmission.

9.     The TCPA provides a private right of action and authorizes an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3). The Court may also award injunctive relief and, if it finds that a violation was committed knowingly or willfully, may increase the statutory damages award by up to three times.

10.    Plaintiff brings this action individually and on behalf of a proposed class of similarly situated persons and entities seeking statutory damages and other relief for violations of the TCPA.

## THE PARTIES

11.    Plaintiff, Advantage Medical Associates, P.A., is a New Jersey professional association operating the medical practice of Dr. Misha Basalaev, M.D., at 561 Cranbury Road, East Brunswick, New Jersey 08816.

12.    Defendant Cardinal Health, Inc. ("Cardinal Health"), is an Ohio corporation with its principal place of business in Dublin, Ohio. Upon information and belief, Cardinal Health may be served through its registered agent, CT

3

Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

14.    This Court has personal jurisdiction over Cardinal Health because Cardinal Health purposefully directed conduct toward New Jersey, including transmitting, or causing to be transmitted, the facsimile communications at issue to Plaintiff's facsimile machine in New Jersey. Upon information and belief, Cardinal Health also transacts business and maintains substantial contacts within New Jersey.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the receipt of the facsimile transmissions at issue.

## FACTS

16.    Plaintiff operates the medical practice of Dr. Misha Basalaev, M.D., an internal medicine and primary care physician, in East Brunswick, New Jersey.

17.    Cardinal Health is a for-profit healthcare services company that provides healthcare products and services throughout the United States.

4

18.    On December 17, 2025, Plaintiff received a facsimile transmission at its facsimile number, (732) 390-1900. A true and correct copy of that facsimile is attached as Exhibit A.

19.    On January 26, 2026, Plaintiff received another facsimile transmission at the same facsimile number. A true and correct copy of that facsimile is attached as Exhibit B.

20.    Among other things, Exhibits A and B promote the availability of the Dexcom G7 15-Day continuous glucose monitoring system through Edgepark, Advanced Diabetes Supply, and US MED. The faxes also tout various attributes of the product, including that it is the "longest-lasting CGM system," is "easy to use," "offers high accuracy," and "builds on the established performance" of prior Dexcom products.

21.    Edgepark is a Cardinal Health business. In or about April 2025, Cardinal Health acquired Advanced Diabetes Supply Group. Upon information and belief, Edgepark, Advanced Diabetes Supply ("ADS"), and US MED are business units, brands, trade names, divisions, or other operating businesses of Cardinal Health and are not separately incorporated entities.

22.    Edgepark, ADS, and US MED are identified in Exhibits A and B as sources through which the advertised Dexcom G7 products and related services may be obtained.

#12253469v1

23.    Exhibits A and B provide contact information for Edgepark, Advanced Diabetes Supply, and US MED and direct recipients to prescribe through Parachute.

24.    Exhibits A and B also include a Physician Order / Prescription form intended to facilitate orders for Dexcom G7 products and related supplies through Advanced Diabetes Supply.

25.    Exhibits A and B were directed to physicians and medical practices and included a Physician Order / Prescription form. Upon information and belief, the facsimile transmissions were intended to encourage recipients to prescribe, recommend, refer, order, or otherwise influence patients to obtain Dexcom G7 products and related services through Edgepark, ADS, and US MED. Cardinal Health therefore sought to influence the purchasing decisions of third parties through the recipients of the facsimile transmissions.

26.    Upon information and belief, Exhibits A and B were not isolated transmissions but were sent as part of one or more organized facsimile advertising campaigns promoting healthcare products or services through Edgepark, ADS, and US MED to multiple recipients.

27.    Exhibits A and B identify the sender as Hitendra Choudhary, a Cardinal Health Field Sales Representative for North and Central New Jersey, and identify his email address as hitendra.choudhary@cardinalhealth.com.

#12253469v1

28. The fax header appearing on Exhibit A states, in relevant part, "12/17/2025 11:41:46 AM -0600 FAXCOM."

29. The fax header appearing on Exhibit B states, in relevant part, "01/26/2026 12:43:31 PM -0500 FAXCOM."

30. Cardinal Health did not have Plaintiff's prior express invitation or permission to send Exhibits A and B by facsimile transmission.

31. Plaintiff did not request or solicit Exhibits A and B.

32. Exhibits A and B do not contain an opt-out notice.

33. Plaintiff's facsimile machine is maintained to send and receive legitimate business communications, not advertising material.

## CLASS REPRESENTATION ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of a proposed class of similarly situated persons and entities.

35. Plaintiff proposes the following Class:

All persons and entities who, on or after four years before the filing of this action, were successfully sent one or more facsimile transmissions by Cardinal Health or on Cardinal Health's behalf promoting healthcare products or services through Edgepark, Advanced Diabetes Supply, or US MED.

7

Excluded from the Class are Cardinal Health, its parents, subsidiaries, affiliates, officers, directors, employees, agents, and any entity in which Cardinal Health has a controlling interest; the judges assigned to this action and their staffs; and members of their immediate families.

36.     Plaintiff reserves the right to amend, modify, or refine the Class definition and to seek certification of one or more subclasses after discovery and further investigation.

37.     This action satisfies the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

### Numerosity

38.     Upon information and belief, the members of the Class are so numerous that joinder of all members would be impracticable.

39.     Exhibits A and B are standardized form facsimiles and, upon information and belief, were transmitted as part of one or more organized facsimile advertising campaigns using recipient lists maintained or obtained by Cardinal Health or persons acting on its behalf.

### Ascertainability

40.     Class members can be identified using objective criteria and records maintained by Cardinal Health and/or third parties involved in the transmission of the facsimile.

#12253469v1

**Commonality**

41.    Common questions of law and fact include, without limitation:

a.    whether Cardinal Health sent, authorized, caused to be sent, or was otherwise responsible for the facsimile transmissions at issue;

b.    whether the facsimile transmissions constitute advertisements within the meaning of 47 U.S.C. § 227(a)(5);

c.    whether the facsimile transmissions were sent as part of one or more facsimile broadcast campaigns;

d.    the manner in which the targeted facsimile numbers were obtained or compiled;

e.    whether Cardinal Health obtained prior express invitation or permission before sending the facsimile transmissions;

f.    whether Cardinal Health included on the first page of its fax advertisements a clear and conspicuous opt-out notice that complied with the TCPA's requirements;

g.    whether Cardinal Health is directly liable or vicariously liable for the conduct alleged herein;

h.    whether the facsimile transmissions complied with the TCPA and applicable FCC regulations;

9

i.      whether Plaintiff and the Class are entitled to statutory damages;

j.      whether any damages should be increased pursuant to 47 U.S.C. § 227(b)(3).

## Typicality

42.     Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories. Plaintiff received one or more facsimile transmissions falling within the Class definition and asserts the same claims as the other members of the Class.

## Adequacy of Representation

43.     Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are aligned with those of the Class. Plaintiff has retained counsel experienced in complex litigation, class actions, and litigation arising under the TCPA.

## Predominance

44.     Common questions of law and fact predominate over any questions affecting only individual class members. Resolution of the central issues in this case will depend primarily on common evidence concerning the content of the facsimiles, the manner in which they were transmitted, the existence and scope of any facsimile advertising campaign, the means by which recipient facsimile numbers were

10

obtained or compiled, and Cardinal Health's role in authorizing, directing, participating in, or benefiting from the transmissions.

## Superiority

45.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Separate actions would create a risk of inconsistent adjudications, would unnecessarily burden the courts, and would be economically impractical given the relatively modest statutory damages available to individual claimants. Class-wide adjudication will promote efficiency and consistency while providing an effective means of redress.

## COUNT I

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227

46.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

47.    Plaintiff brings this Count individually and on behalf of the Class.

48.    The TCPA prohibits using a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine. The FCC has promulgated regulations implementing the TCPA. 47 U.S.C. § 227(b)(1)(C).

11

49. Exhibits A and B advertise the commercial availability or quality of property, goods, or services within the meaning of 47 U.S.C. § 227(a)(5).

50. Cardinal Health sent, caused to be sent, authorized, directed, controlled, or was otherwise responsible for the facsimile transmissions attached as Exhibits A and B.

51. Exhibits A and B were sent to Plaintiff's facsimile machine without Plaintiff's prior express invitation or permission.

52. Exhibits A and B do not contain an opt-out notice.

53. By sending, causing to be sent, authorizing, directing, controlling, or otherwise being responsible for the facsimile transmissions attached as Exhibits A and B, and similar facsimile transmissions sent to members of the Class, Cardinal Health violated the TCPA and the regulations promulgated thereunder.

54. Cardinal Health is liable for the facsimile transmissions because it either sent them directly or authorized, directed, controlled, ratified, or otherwise participated in the conduct that resulted in their transmission.

55. By transmitting unsolicited advertisements to Plaintiff's facsimile machine and the facsimile machines of members of the Class without their prior express invitation or permission, Cardinal Health invaded the privacy and seclusion interests that the TCPA was enacted to protect.

#12253469v1

56.   Plaintiff and the Class are entitled to recover statutory damages of $500 for each violation pursuant to 47 U.S.C. § 227(b)(3)(B).

57.   Plaintiff does not seek recovery of actual monetary damages.

58.   If the Court determines that Cardinal Health's violations were knowing or willful, Plaintiff and the Class are entitled to an award of treble damages pursuant to 47 U.S.C. § 227(b)(3).

59.   Plaintiff and the Class are also entitled to appropriate injunctive relief.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in their favor and against Cardinal Health, as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, certify the Class, appoint Plaintiff as the Class representative, and appoint Plaintiff's counsel as counsel for the Class.

B.   That the conduct alleged herein be declared to be in violation of the TCPA and the regulations promulgated thereunder;

C.   That the Court award $500.00 in statutory damages for each of Cardinal Health's violations of the TCPA and the regulations promulgated thereunder;

D.   That the Court treble the statutory damages if it concludes that Cardinal Health's violations were willful or knowing;

E.   That the Court enter an injunction prohibiting Cardinal Health from future violations of the TCPA and applicable FCC regulations;

13

#12253469v1

F.      That the Court enter judgment in favor of Plaintiff and the Class and against Cardinal Health;

G.      That the Court award to Plaintiff and the Class the costs incurred in this lawsuit; and

H.      That the Court award all other relief allowed by law or equity that the Court deems just and proper.

Respectfully submitted,

Advantage Medical Associates, P.A., individually and as the representative of a class of similarly situated persons,

*s/ Michael J. Canning*

By: _____

Michael J. Canning, Esq.
Matthew N. Fiorovanti, Esq.
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701-6777
Telephone: 732-741-3900
Email: MCanning@ghclaw.com
Email: MFiorovanti@ghclaw.com

Phillip A. Bock (pro hac vice to be submitted)
David M. Oppenheim (pro hac vice to be submitted)
Class Lawyers, LLC dba Bock Hatch & Oppenheim, LLC
203 N. La Salle St., Suite 2100
Chicago, IL 60601
Telephone: 312-658-5501
Email: service@classlawyers.com

14